FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 17, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNARDO B.,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　　　　　Defendant. | No. 4:17-cv-05174-MKD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 20, 21 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 20, 21. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's Motion, ECF No. 20, and grants Defendant's Motion, ECF No. 21.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER - 3

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. §
416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing work that he or she has performed in
the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is
capable of performing past relevant work, the Commissioner must find that the
claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of
performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing other work in the national economy.
20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner
must also consider vocational factors such as the claimant's age, education and
past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of
adjusting to other work, the Commissioner must find that the claimant is not
disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to
other work, analysis concludes with a finding that the claimant is disabled and is
therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to
step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff is an individual who received supplemental security income benefits based on disability as a child.  Tr. 35.  As part of the review process for determining disability in adults when the claimant reaches age 18, it was determined on October 24, 2012 that Plaintiff was no longer disabled as of October 1, 2012.  Tr. 36.  This finding was upheld upon reconsideration.  Tr. 37-48. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on December 11, 2014.  Tr. 688-713.  On January 30, 2015, the ALJ denied Plaintiff's claim.  Tr. 25-34.

At step one, the ALJ noted that Plaintiff was eligible for supplemental security income benefits as a child, so an evaluation of substantial gainful activity was not required.  Tr. 26-27.  At step two, the ALJ found Plaintiff had the following severe impairments: learning disorder and major depressive disorder. Tr. 27.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 28.  The ALJ then concluded that Plaintiff had the RFC to perform medium work with the following limitations:

[Plaintiff] is able to understand, remember, and carry out simple, routine, and repetitive tasks and instructions. He should have minimal changes in his work routine, with no production pace of work, no interaction with the general public, and only brief occasional interaction with coworkers and supervisors. He should deal with things rather than people.

Tr. 29.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 32. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as dishwasher, laundry worker II, and lab equipment cleaner. Tr. 33. The ALJ concluded that Plaintiff's disability ended on October 1, 2012, and that Plaintiff has not become disabled again since that date. Tr. 34. On June 9, 2016, the Appeals Council denied review, Tr. 11-13, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 20. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed Plaintiff's symptom testimony;

2. Whether the ALJ properly weighed the lay opinion evidence; and

ORDER - 7

3. Whether the ALJ properly found at step five that Plaintiff could perform other work in the national economy.

ECF No. 20 at 10.

## DISCUSSION

### A. Plaintiff's Symptom Testimony

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 20 at 12-15.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina,* 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue,* 572 F.3d 586, 591(9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting

ORDER - 8

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of an individual's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7. The ALJ is

instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." *Id*. at *2.

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but that Plaintiff's testimony about the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Tr. 30.

### 1. Lack of Supporting Medical Evidence

The ALJ found Plaintiff's symptom complaints were not supported by the medical evidence. Tr. 30. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2). Minimal objective evidence is a factor which may be relied upon to discount a claimant's testimony, although it may not be the only factor. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Here, the ALJ noted that Plaintiff testified that he could not work due to depression, feeling overwhelmed and hopeless, anxiety, and difficulty with

memory. Tr. 30; *see* Tr. 705-09. However, the ALJ noted that the medical evidence did not support a finding that these symptoms prohibited Plaintiff from working. Tr. 27-30. In May 2013, Plaintiff reported that his anxiety had been under control for a long time. Tr. 680. Dr. Genthe observed Plaintiff's ADHD and depression was moderately well managed with medication. Tr. 533. Plaintiff's performance on memory tests administered by Dr. Genthe ranged from borderline to low average, but Dr. Genthe opined that Plaintiff's ability to understand, remember, and carry out short, simple instructions was good and that Plaintiff could pursue work. Tr. 533-34. The ALJ gave Dr. Genthe's opinion significant weight. Tr. 31. Dr. Cools testified that Plaintiff would have only moderate limitations in attention, concentration, persistence, and pace, and that pace was the main limiting factor. Tr. 700. Dr. Cools opined Plaintiff was capable of performing simple, routine, repetitive tasks without strict production standards. Tr. 700-01. The ALJ gave Dr. Cools' opinion significant weight. Tr. 31. Dr. Beaty reviewed the record and similarly opined that Plaintiff had moderate limitations in maintaining concentration, persistence, and pace, and concluded that Plaintiff was capable of performing simple, routine, repetitive tasks. Tr. 548, 552. The ALJ gave this opinion some weight. Tr. 32. Plaintiff does not challenge the ALJ's evaluation of the medical opinion evidence. ECF No. 20 at 10-18. Thus, challenge to that evidence is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*,

533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). The ALJ reasonably concluded, based on this record, that Plaintiff's allegations of complete disability were not supported by the medical evidence. This finding is supported by substantial evidence.

### 2. *Daily Activities*

The ALJ found Plaintiff's symptom complaints were inconsistent with Plaintiff's activities. Tr. 30-31. A claimant's reported daily activities can form the basis for an adverse credibility determination if they consist of activities that contradict the claimant's "other testimony" or if those activities are transferable to a work setting. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007); *see also Fair*, 885 F.2d at 603 (daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting."). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally

ORDER - 12

1  debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal quotation marks

2  and citations omitted).

3          Here, Plaintiff testified that he could not work due to depression, feeling

4  overwhelmed and hopeless, anxiety, and difficulty with memory.  Tr. 30; *see* Tr.

5  705-09.  However, the ALJ noted that Plaintiff had no limitations in his daily

6  activities.  Tr. 28-29, 30-31.  Plaintiff reported no limitations in self care and

7  reported being able to prepare meals, performing household chores, getting around

8  by walking or using public transportation, and shopping.  Tr. 275-77.  Plaintiff

9  reported working out and watching television every day.  Tr. 278.  Plaintiff also

10  reported spending time with friends, playing soccer, taking walks, playing video

11  games, and attending church.  Tr. 278, 526.  Plaintiff lost nearly 100 pounds

12  through exercise.  Tr. 696.  Plaintiff transferred from a therapeutic behavior and

13  academic program to enrollment in high school with behavior support.  *See* Tr.

14  242, 318.  Plaintiff did not graduate but he obtained his GED.  Tr. 702.  Plaintiff

15  worked part-time as an independent kitchen knife salesman, which involved

16  scheduling and attending customer demonstration appointments and attending

17  weekly team meetings.  Tr. 39, 62.  Plaintiff reported that he had no problems

18  going to the call center or participating in meetings.  Tr. 69.

19          Plaintiff faults the ALJ for relying on certain daily activities, such as

20  shopping, traveling, or walking, as evidence of daily activities that contradict

complete disability. ECF No. 20 at 12-13 (citing *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001)). Unlike *Vertigan*, the ALJ did not rely on select activities comprising a small portion of Plaintiff's day as evidence of nondisability. *Vertigan*, 260 F.3d at 1049-50. Rather, the ALJ considered Plaintiff's daily activities in the context of Plaintiff's entire day, which included attending school or working part-time, followed by household chores, physical exercise, and social and leisure activities. Tr. 30-31. The ALJ reasonably concluded that the totality of Plaintiff's daily activities was inconsistent with Plaintiff's allegation that he was completely unable to work due to depression, anxiety, and memory limitations. Tr. 31.

Plaintiff further challenges the ALJ's conclusion by identifying evidence of Plaintiff's poor academic performance that Plaintiff alleges shows Plaintiff was more limited than the ALJ concluded. ECF No. 20 at 12-14. However, even where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch*, 400 F.3d at 679. The Court will only disturb the ALJ's findings if they are not supported by substantial evidence. *Hill*, 698 F.3d at 1158. Here, the ALJ reasonably concluded that the totality of the activities in which Plaintiff participated in the course of a day was inconsistent with Plaintiff's allegations of concentration, memory, persistence, or pace so limited as to preclude all work. Tr. 31. This finding is supported by substantial evidence.

ORDER - 14

### 3. Failure to Follow Treatment Recommendations

The ALJ found Plaintiff's symptom complaints were inconsistent with Plaintiff's failure to comply with treatment recommendations. Tr. 31. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn*, 495 F.3d at 638. Plaintiff testified that he only took medication whenever he wanted to, because it sometimes made him feel high and because he only took it when he thought he needed it. Tr. 704. The ALJ concluded that Plaintiff's symptoms were less severe than alleged because they did not motivate Plaintiff to take his medication as prescribed. Tr. 31.

Plaintiff argues the ALJ improperly discredited Plaintiff's testimony for discontinuing a medication due to its side effects. ECF No. 20 at 14. However, where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch*, 400 F.3d at 679. The Court will only disturb the ALJ's findings if they are not supported by substantial evidence. *Hill*, 698 F.3d at 1158. Here, Plaintiff's testimony is subject to more than one rational interpretation, and the ALJ reasonably concluded that Plaintiff's statement that he only took medication when he thought he needed it indicated that Plaintiff's symptoms were less severe than alleged. Tr. 31. This interpretation of Plaintiff's

testimony is further supported by other evidence in the record that Plaintiff reported that his medication was effective and did not complain of side effects. *See* Tr. 525 (Plaintiff reported that Xanax "helps [him] feel calm, not feel stressed or overwhelmed"); Tr. 562 (Dr. Zimmerman offered to change Plaintiff's medication from Wellbutrin to something else and Plaintiff "seemed somewhat surprised and said that he thought that he was actually feeling pretty good with this medicine and that he thought he was handling it okay and did not want to change it"). The ALJ's conclusion is supported by substantial evidence.

The ALJ articulated clear and convincing reasons, supported by substantial evidence, to support her finding that Plaintiff's symptom complaints were less than credible.

## B. Lay Opinion Evidence

Plaintiff challenges the ALJ's evaluation of lay opinion evidence from Plaintiff's teacher, Niki Swanson. ECF No. 20 at 15-16.

An ALJ must consider the statement of lay witnesses in determining whether a claimant is disabled. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness evidence cannot establish the existence of medically determinable impairments, but lay witness evidence is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Id.*; 20 C.F.R. § 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993)

("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). If a lay witness statement is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at 919).

Ms. Swanson completed a teacher questionnaire on October 26, 2012, and opined that Plaintiff had serious problems expressing his ideas in written form, completing class/homework assignments, and making and keeping friends, and that Plaintiff needed extra time to complete assignments and a very structured environment. Tr. 282-89. The ALJ gave this opinion "some weight" and noted that it was "fairly consistent" with Plaintiff's RFC. Tr. 32.

The ALJ gave Ms. Swanson's opinion less than full weight because she had worked with Plaintiff for only two months at the time of her report and only had a "snapshot of his abilities and limitations." Tr. 32. An ALJ is permitted to consider the length and nature of a relationship in evaluating the opinions of "other sources." SSR 06-03P, *available at* 2006 WL 2329939 at *4 (Aug. 9, 2006), *see* 20 C.F.R. § 416.927(c) (2012). The ALJ reasonably concluded that Ms. Swanson's opinion was due less weight because she had only worked with Plaintiff for two months of the school year. Tr. 32. Plaintiff challenges the ALJ's findings on the grounds that Ms. Swanson spent more time with Plaintiff than any of the

medical sources in the record, whose opinions the ALJ afforded greater weight. ECF No. 20 at 16. Plaintiff's comparison of the amount of time Ms. Swanson spent with Plaintiff to the amount of time the medical sources spent with Plaintiff is inapposite, as Ms. Swanson is an "other source" and not due the same amount of deference as acceptable medical sources. SSR 06-03P, 2006 WL 2329939, at *5. That Ms. Swanson had only worked with Plaintiff for two months out of the school year was a germane reason to give Ms. Swanson's opinion less weight.

Even if the ALJ did not identify a germane reason to give Ms. Swanson's opinion less than full weight, the ALJ did not err in evaluating her opinion. An ALJ need not provide reasons for rejecting an opinion where the ALJ incorporated it into the RFC. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Ms. Swanson opined that Plaintiff had serious problems expressing his ideas in written form, completing class/homework assignments, and making and keeping friends, and that Plaintiff needed extra time to complete assignments and a very structured environment. Tr. 282-89. The ALJ incorporated these limitations into the RFC by limiting Plaintiff to simple, routine, repetitive tasks and instructions with no production pace of work, no interaction with the general public, and only brief occasional interaction with coworkers and supervisors. Tr. 29.

Plaintiff asserts that the RFC should have included limitations for absenteeism based on Ms. Swanson's report. ECF No. 20 at 17-18. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). However, the ALJ is not required to provide a robust discussion of every piece of evidence. *See, e.g., Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (stating that "in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence" (quotation marks omitted)). Ms. Swanson's report noted that Plaintiff frequently missed school due to illness. Tr. 288. This was not an opinion regarding Plaintiff's functional limitations, and it is not clear that the "illness" identified in the report is associated with any of Plaintiff's severe impairments. *Id.* Because no source opined any functional limitations related to absenteeism, the ALJ was not required to give reasons for failing to incorporate an absenteeism limitation into Plaintiff's RFC.[1] The ALJ did not err in evaluating the lay opinion evidence.

_____

[1] The same reasoning applies to Plaintiff's assertion that the ALJ should have incorporated limits for time spent off task and a need for redirection, which Plaintiff infers is a necessary functional limitation based on factual observations

ORDER - 19

**C. Step Five**

Plaintiff challenges the ALJ's conclusion at step five that Plaintiff could perform other work in the national economy. ECF No. 20 at 17-18. At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). Here, Plaintiff's argument is based entirely on the assumption that the RFC was incomplete because the ALJ erred in evaluating Plaintiff's symptom claims and the lay opinion evidence. ECF No. 20 at 17-18. For reasons discussed throughout this decision, the ALJ's evaluation of Plaintiff's symptom testimony and consideration of the lay opinion evidence are legally sufficient and supported by substantial evidence. Therefore, the RFC was complete, and the ALJ reasonably relied on the vocational expert's testimony to conclude that Plaintiff was capable of performing other work in the national economy. The ALJ did not err in this finding.

_____

Plaintiff identifies in the record, but which no source opined was a functional limitation. ECF No. 20 at 17-18.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

3. The Court enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED December 17, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE